IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


ROBERT COWAN and
STACY MONHEIT,

          Plaintiffs,

    vs.                                    No. CIV 09-483 JCH/LFG

FRANK D'ANGELICO, NANCILEE
D'ANGELICO, PASCO D'ANGELICO,
D'ANGELICO BUILDERS, LLC,
JOSEPH D'ANGELICO, BOB BURBIC,
SANTA FE REALTY PARTNERS,
STEVE PATTELENA, PROFESSIONAL
INSPECTIONS AND EVALUATIONS, INC.,
LAURA LICHTENSTEIN, and BARKER
REALTY, INC.,

          Defendants.


### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO EXTEND TIME AND FOR SERVICE BY PUBLICATION

THIS MATTER comes before the Court on Plaintiffs' Motion to Extend Time to Serve Defendants Frank and Nancilee D'Angelico and for Approval to Serve by Publication [Doc. 47]. Defendants Frank and Nancilee D'Angelico have not been served with the Complaint in this matter; therefore, no response to the Motion is necessary.

Plaintiffs bring this action in diversity for breach of contract and other claims, against several Defendants, based on allegations that Plaintiffs were sold a house in Lamy, New Mexico with numerous undisclosed defects which rendered it uninhabitable. They seek rescission of the contract of sale and cancellation of the deed or, in the alternative, damages in the amount of the purchase price plus punitive damages. [Complaint, Doc. 1]. Among the Defendants named in the suit are the former owners of the home, Frank and Nancilee D'Angelico, husband and wife (hereinafter referred to as "Frank and Nancilee").

Plaintiffs state in their Motion that after filing the Complaint, they mailed waiver of personal

service forms to all Defendants, including one to the last known address of Frank and Nancilee.  All Defendants other than Frank and Nancilee returned the waiver forms or made entries of appearance within the time allotted for service by waiver.  Among the other Defendants so appearing are Frank D'Angelico's father and brother.

The waiver forms sent to Frank and Nancilee, along with a copy of the Complaint, were not returned to Plaintiffs' attorney as undeliverable.  Plaintiffs state that, on August 20, 2009, Plaintiffs' counsel received an email from an attorney for Frank and Nancilee stating the couple would not be participating in pretrial meetings as they had not yet been served.  A request by Plaintiff's counsel to The Simons Firm, LLP, asking that the firm accept service of process for Frank and Nancilee, was turned down by attorney Frieda Simons Burnes.

Plaintiffs state further that they attempted to have Frank and Nancilee served by the Santa Fe County Sheriff on September 1, 2009 and again on September 4, 2009.  This service was attempted at three addresses with connections to Frank and Nancilee: a purported residence, and two businesses which list Frank D'Angelico as the registered agent.  These attempts were unsuccessful.

Plaintiff allege, on information and belief, that Frank and Nancilee have actual notice of the lawsuit as they have hired an attorney who is monitoring the case via PACER, and that Frank and Nancilee are intentionally avoiding service of process.

Plaintiffs ask that the Court extend time to effectuate service of process for a period of 60 days, and to allow service on Frank and Nancilee by publication.

Plaintiffs filed their Complaint in this action on May 14, 2009.  They had 120 days thereafter to effect service.  FED. R. CIV. P. 4(m).  That Rule provides that an action must be dismissed as against any unserved defendants after the 120-day period expires unless "the plaintiff shows good cause for the failure."  Upon such showing, the Court must extend the time for service for an appropriate period.

The Court finds that Plaintiffs have made an adequate showing of good cause for their failure to serve Defendants Frank and Nancilee.  Plaintiffs state that they promptly served waiver forms on

these Defendants, and the docket reflects that summons was issued on all Defendants, including Frank and Nancilee, on May 22, 2009.  When that failed, Plaintiffs' attorney says he asked counsel for Frank and Nancilee to accept service but the request was refused.  Plaintiffs then twice attempted to have Frank and Nancilee served by the Sheriff, at three different addresses.  These actions constitute a good faith attempt to serve these Defendants.

In addition, Plaintiffs have made a *prima facie* showing that Frank and Nancilee have actual notice of the lawsuit and are intentionally avoiding service of process.  Two close family members of Frank and Nancilee have entered appearances in the case, and Frank and Nancilee themselves have retained counsel who has made representations on their behalf.  When the Sheriff attempted personal service at two places of business where Frank D'Angelico is the registered agent, he could not be found.

Plaintiffs having established good cause for failing to effect service within the time limits of Rule 4(m), the request for an extension of time to serve is therefore granted.  *See*, Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995) ("a plaintiff who shows good cause for failure to timely effect service is entitled to a mandatory extension of time").  The Court finds the 60-day period requested by Plaintiffs to be reasonable.

Plaintiffs also ask that they be permitted to serve Frank and Nancilee by publication.  There is no provision for service of process by publication under federal law.  However, the Federal Rules of Civil Procedure permit service in a manner permitted by state law in the forum where the District Court is located.  FED. R. CIV. P. 4(e)(1).

Rule 1-004(J) NMRA, Rules of Civil Procedure for the District Courts of New Mexico, provides that "[u]pon motion, without notice, and showing by affidavit that service cannot reasonably be made as provided by this rule," the court may order service by publication, or any other method reasonably calculated to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend.  Rule 1-004(K) NMRA provides that "[s]ervice by publication may be made only pursuant to Paragraph J of this rule," which requires

an affidavit.  In addition, a motion for service by publication must include a copy of the proposed notice to be published, and the notice of pendency must include all of the information required by Rule 1-004(K)(2) and (3).

In this case, the relief requested is rescission of a real estate transaction in which the missing Defendants were the sellers; in the alternative, Plaintiffs seek money damages.  Normally, such an action would require personal service under New Mexico law.  In Chapman v. Farmers Ins. Group, 90 N.M. 18, 558 P.2d 1157 (Ct. App. 1976), the state court of appeals held that service by publication is effective only in *in rem* actions, where the defendant is given constructive notice of the action when the court assumes control of defendant's property located within the jurisdiction.  This is not such an *in rem* action.

However, the New Mexico courts make an exception to the requirement of personal service "in cases where the defendant, being aware that civil action may be instituted against him, attempts to conceal himself to avoid service of process."  Clark v. LeBlanc, 92 N.M. 672, 673, 593 P.2d 1075, 1076 (1979).  This exception is based on the fact that "[i]n concealing himself, the defendant, by his own action, renders personal service or process impossible.  This action constitutes a waiver of notice of the proceedings sought to be avoided . . . .  To allow a person to escape his civil obligation by purposefully hiding himself would be to encourage deception."  Id..  In order to permit substituted service on the basis of evasion, the Court must make a finding of fact that the defendant intentionally avoided service of process.  Edmonds v. Martinez, __ P.3d __, 2009 WL 2381282, at *4 (N.M. App. May 6, 2009).

The Tenth Circuit has upheld a personal judgment entered upon default of a defendant served by publication, where the plaintiffs satisfied all requirements of the applicable state law.  Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 147 (10th Cir. 1985).  In this case, Plaintiffs have not satisfied the requirements of state law for service by publication, in that they have not shown by affidavit that service cannot reasonably be made otherwise, and they have not included with their Motion a copy of the notice they propose to publish containing all information required by state

rules of procedure.

In addition to fulfilling the requirements of state law, any method of service must satisfy the requirements of constitutional due process.  "In general, due process requires that the form of notice be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Campbell v. Bartlett, 975 F.2d 1569, 1575 (10th Cir. 1992), *quoting* Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

The request to serve by publication is therefore denied, without prejudice to Plaintiffs' refiling with an appropriate affidavit and copy of the proposed notice.  If Plaintiffs wish to renew their request for service by publication, their affidavit must include facts showing their due diligence in attempting to serve these Defendants, and the basis for their factual assertion of intentional evasion of service.

### Order

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Extend Time and for Service by Publication [Doc. 47] is GRANTED IN PART AND DENIED IN PART.  Plaintiffs are given a 60-day extension of time within which to effect service on Defendants Frank and Nancilee D'Angelico. Plaintiffs' request for service by publication is denied at this time.

_Lorenzo F. Garcia_
Lorenzo P. Garcia
Chief United States Magistrate Judge