IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROBERT COWAN and**
**STACY MONHEIT,**

      **Plaintiffs,**

v.                                                                             **No. CIV 09-0483 RB/LFG**

**FRANK & NANCILEE D'ANGELICO,**
**PASCO D'ANGELICO, D'ANGELICO**
**BUILDERS, JOSEPH D'ANGELICO,**
**BOB BURBIC, SANTA FE REALTY**
**PARTNERS, STEVE PATTELENA,**
**PROFESSIONAL INSPECTIONS AND**
**EVALUATIONS, INC., LAURA**
**LICHTENSTEIN, AND BARKER REALTY, INC.,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**

This matter came before the Court on Defendants D'Angelico Builders, Pasco D'Angelico, and Joseph D'Angelico's Motion to Dismiss (Doc. 56), filed on October 20, 2009. Jurisdiction arises under 28 U.S.C. § 1332. Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, I find that this motion should be granted.

**I.**     **Background.**

Plaintiffs are residents of New Jersey who hoped to retire in New Mexico. (Doc. 54.) In late 2007, Plaintiffs purchased a house and lot, located in Lamy, New Mexico, from Defendants Frank and Nancilee D'Angelico ("D'Angelico Sellers") for $485,000. (*Id.*) Defendants Joseph D'Angelico, Pasco D'Angelico, and D'Angelico Builders (collectively "D'Angelico Builder Defendants") had constructed the house for the D'Angelico Sellers. (*Id.*) Pasco D'Angelico is the father of Frank D'Angelico and Joseph D'Angelico. (*Id.*)

In the First Amended Complaint, Plaintiffs allege that the house was not built to code and

has many major defects, including a defective foundation, walls that are not plumb, improperly sheet rocked walls, missing plywood, incorrectly installed windows, and improperly grounded wiring. (Doc. 54.) The house was not built according to the plans and specifications submitted for permitting. (*Id*.) A fire occurred at the house before it was placed on the market. (*Id*.) In the Fall of 2006, D'Angelico Builders hired Hands Engineering, LLC, and Croker, LTD, to provide testing and a plan for repair of the foundation. (*Id*.) However, none of the D'Angelico Builder Defendants had the foundation repaired. (*Id*.)

The D'Angelico Sellers offered the home for sale, despite their knowledge of the problems with the home. (Doc. 54.) The D'Angelico Sellers hired Defendants Bob Burbic and Santa Fe Realty Partners ("Burbic Defendants") to sell the property. (*Id*.)

Plaintiffs entered into negotiations for the purchase of the property and executed a purchase agreement on November 1, 2007. (Pl. Ex. A, Doc. 1-2.) Plaintiffs hired Defendants Laura Lichtenstein and Barker Realty, Inc. as their agent.[1] (Doc. 54.) During negotiations leading up to the sale, the D'Angelico Sellers represented to Plaintiffs that the house was structurally sound and they revealed none of the many known defects. (*Id*.) The D'Angelico Sellers presented Plaintiffs with a Real Estate Transfer Disclosure Statement. (Pl. Ex. B, Doc. 1-3.)

Plaintiffs hired Defendants Steve Pattelena and Professional Inspections and Evaluations, Inc. ("Pattelena Defendants"), to inspect the home for potential problems. (Doc. 54.) The Pattelena Defendants performed the inspection and issued a report and home warranty. (*Id*.) The report did not mention many of the defects associated with the house. (*Id*.) Plaintiffs hired the Pattelena Defendants to perform a second inspection to verify that the D'Angelico Sellers had made the

---

[1] Plaintiffs' claims against Laura Lichtenstein of Barker Realty, Inc. were dismissed by stipulation of the parties on February 25, 2010.

corrections identified in the first home inspection report. (*Id.*) The Pattelena Defendants affirmatively stated to Plaintiffs that the house had no structural deficiencies. (*Id.*) The representation by the Pattelena Defendants that Mr. Pattelena had a degree from Cornell University induced Plaintiffs to hire the Pattelena Defendants. (*Id.*) Based on such representation, Plaintiffs believed that the Pattelena Defendants were exceedingly qualified to perform the home inspections. (*Id.*)

After they purchased the home, Plaintiffs noticed that the ground had shifted permanently, damaging the foundation and the house. (Doc. 54.) The floors, walls, paneling, cabinets, and certain electric wiring and fixtures in the house were negatively affected. (*Id.*) The reasonable cost of repairing the defects amounts to a sum greater than the value of the property. (*Id.*)

In the First Amended Complaint, Plaintiffs assert the following claims (I) breach of the implied warranty of habitability against the D'Angelico Sellers and the D'Angelico Builder Defendants, (II) breach of the implied warranty of use reasonable skill and perform in a workmanlike manner against the D'Angelico Builder Defendants, (III) breach of express warranty against the D'Angelico Sellers, (IV) breach of contract against the D'Angelico Sellers, (V) unjust enrichment against the D'Angelico Sellers, (VI) breach of contract against Laura Lichtenstein and Barker Realty, (VII) negligence against the D'Angelico Builder Defendants, (VIII) negligence against the Pattelena Defendants, (IX) negligence against Laura Lichtenstein and Barker Realty, (X) fraud against the D'Angelico Sellers and the D'Angelico Builder Defendants, (XI) fraud against the Burbic Defendants, (XII) negligence against the Burbic Defendants, (XIII) intentional misrepresentation against the D'Angelico Sellers, (XIV) intentional misrepresentation against the Burbic Defendants, (XV) breach of the implied covenant of good faith and fair dealing against the D'Angelico Sellers, and (XVI) civil conspiracy to commit fraud against the D'Angelico Sellers, Bob

Burbic, and Santa Fe Realty Partners. (Doc. 54.) Plaintiffs seek rescission, compensatory damages, special damages, punitive damages, prejudgment interest, attorneys' fees, and costs. (*Id.*)

The D'Angelico Builder Defendants move to dismiss based on Federal Rule of Civil Procedure 12(b)(6), contending that (1) the claim for breach of an implied warranty of habitability (Count I) is not cognizable under New Mexico law, (2) the claim for breach of an implied warranty to use reasonable skill and perform work in a workmanlike manner (Count II) fails to state a claim and duplicates the claim for negligence against the D'Angelico Builder Defendants (Count VII), and (3) the claim for fraud (Count X) against the D'Angelico Builder Defendants fails to state a claim for which relief can be granted. (Doc. 56.)

## II.    Standard.

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss for failure to state a claim. Such motions "ask whether there is 'plausibility in [the] complaint.' " *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007)). In order to survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Twombly*, 550 U.S. 555, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The question is whether, if the allegations are true, it is plausible, and not merely possible, that the plaintiff is entitled to relief under the relevant law. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

In evaluating a Rule 12(b)(6) motion, a court may consider exhibits attached to the complaint and documents incorporated into the complaint by reference. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted). "[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)

(internal quotation omitted).

**III.    Discussion.**

    **A.    New Mexico has not adopted an implied warranty of habitability.**

In Count I, Plaintiffs assert breach of the implied warranty of habitability against the D'Angelico Sellers and the D'Angelico Builder Defendants. The New Mexico Supreme Court has stated "there is no implied warranty of habitability in New Mexico, except as provided by statute." *Clark v. Sideris*, 99 N.M. 209, 212, 656 P.2d 872, 875 (1982), *overruled on other grounds*, *C.R. Anthony Co. v. Loretto Mall Partners*, 112 N.M. 504, 509, 817 P.2d 238, 243 (1991). The *Clark* court held that no implied warranty of habitability existed because no such statute existed outside the landlord-tenant arena. *Clark*, 99 N.M. at 212, 656 P.2d at 875. Following this precedent, the New Mexico Court of Appeals has held "New Mexico has rejected th[e] implied warranty [of habitability] in landlord-tenant situations . . . , but has not decided whether the implied warranty exists in connection with the sale of a new house." *Newcum v. Lawson*, 101 N.M. 448, 455, 684 P.2d 534, 541 (Ct. App. 1984) (internal citation omitted). The *Newcum* court did not reach the question because, in that case, the written contract between the builder and the homeowner disclaimed any implied warranties. *Id*.

While most states recognize an implied warranty of habitability in the purchase of new residential property, New Mexico has not done so. *Davencourt at Pilgrims Landing Homeowners Ass'n v. Davencourt at Pilgrims Landing, L.C.*, 221 P.3d 234, 249 (Utah 2009) ("Out of the four states that have not adopted any implied warranty, two states, New Mexico and North Dakota, have not directly addressed or answered the issue."). This Court is bound to follow New Mexico law as it now stands. *Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 665 (10th Cir. 2007) ("In cases arising under diversity jurisdiction, the federal court's task is not to reach its own judgment regarding the

substance of the common law, but simply to ascertain and apply the state law.") (citation and quotation marks omitted). New Mexico law does not recognize an implied warranty of habitability in the context of the purchase of residential real estate. Assuming the truth of Plaintiffs' allegations, it is neither plausible, nor possible, that Plaintiffs are entitled to relief on their claim for breach of an implied warranty of habitability. For this reason, Count I will be dismissed pursuant to Rule 12(b)(6).

    **B. Plaintiffs are not entitled to relief for breach of an implied warranty to use reasonable skill and perform work in a workmanlike manner.**

    In Count II, Plaintiffs allege breach of the implied warranty to use reasonable skill and perform in a workmanlike manner against the D'Angelico Builder Defendants. New Mexico law provides: "When professional services arising from contract are substandard, a plaintiff may bring a cause of action for malpractice based on negligence or for breach of contract arising from the breach of the implied warranty to use reasonable skill." *Adobe Masters, Inc. v. Downey*, 118 N.M. 547, 548, 883 P.2d 133, 134 (1994). By definition, "[a] 'warranty' is an assurance by one party to a contract of the existence of a fact upon which the other party may rely." *Camino Real Mobile Home Park P'ship v. Wolfe*, 119 N.M. 436, 442, 891 P.2d 1190, 1196 (1995) (quotations omitted). "[A] warranty amounts to a promise to indemnify the promisee for any loss if the fact warranted proves untrue." *Id*. (citation omitted).

    The implied warranty arises from a contractual relationship between the parties. *See Adobe Masters*, 118 N.M. at 548, 883 P.2d at 134 (contract to design home and administer construction contract); *Mascarenas v. Jaramillo*, 111 N.M. 410, 412, 806 P.2d 59, 61 (1991) (oral contract to construct trailer park); *Clear v. Patterson*, 80 N.M. 654, 656-57, 459 P.2d 358, 360-61 (Ct. App. 1969) (agreement to construct car wash "ready to operate"); *Garcia v. Color Tile Distrib. Co.*, 75

N.M. 570, 573, 408 P.2d 145, 148 (1965) (homeowners contracted with defendant to install linoleum).  The requirement of a contract is reflected in the applicable New Mexico Uniform Jury Instructions.  *See* N.M. UJI 13-829 (covering situations "[w]here a person contracts to perform work . . .") and N.M. UJI 13-830 (stating ". . . the standard of performance required by contracts to perform services.").  Simply put, Count II fails to state a claim because Plaintiffs have not alleged that they had any form of agreement with the D'Angelico Builder Defendants.

Plaintiffs contend that privity of contract is not required for an implied warranty, relying on *Perfetti v. McGhan Med.*, 99 N.M. 645, 654, 662 P.2d 646, 655 (Ct. App. 1983) and 13 Am. Jur. 2d Building, Etc. Contracts § 147.  *Perfetti* held that a defendant may be held liable for breach of an implied warranty of merchantability under the Uniform Commercial Code ("UCC"), without regard to privity of contract between defendant and plaintiff.  *Id*., 99 N.M. at 654, 662 P.2d at 655.  *Perfetti* is not helpful to Plaintiffs because the UCC is inapplicable where realty is involved.  *Camino Real Mobile Home Park*, 119 N.M. at 442, 891 P.2d at 1196.

Plaintiffs' reliance on 13 Am. Jur. 2d Building, Etc. Contracts § 147 is similarly misplaced.  The section in question states:

> A remote purchaser of a residence is not entitled to bring an action for property damages from latent defects based on express warranties against builders with whom they are not in privity. In some jurisdictions, a remote purchaser of a residence is entitled to sue the original builders of the residence for damages arising from latent defects on a theory of implied warranty, notwithstanding the lack of a contractual relationship between the builder and the subsequent purchaser. The courts in other jurisdictions have held that because of the lack of privity in such cases, the subsequent purchasers of residences are barred from bringing implied warranty actions against the builders of their homes for property or personal injury damages arising from latent defects.

13 Am. Jur. 2d Building, Etc. Contracts § 147 (footnotes omitted).  None of the jurisdictions cited in the footnotes to § 147 include New Mexico.  *Id*.  The recognition of such a cause of action by

jurisdictions outside of New Mexico is not germane as this Court is bound to follow New Mexico law. *Wade*, 483 F.3d at 665.

New Mexico law requires a contract between the parties to support an implied warranty to use reasonable skill and perform in a workmanlike manner. *See Adobe Masters*, 118 N.M. at 548, 883 P.2d at 134; *Mascarenas*, 111 N.M. at 412, 806 P.2d at 61; *Clear*, 80 N.M. at 656-57, 459 P.2d at 360-61; *Garcia*, 75 N.M. at 573, 408 P.2d at 148; N.M. UJI 13-829; and N.M. UJI 13-830. Nowhere in the First Amended Complaint do Plaintiffs allege that the D'Angelico Builder Defendants promised them anything. Count II fails to state a claim because Plaintiffs have not alleged that they had any form of agreement with the D'Angelico Builder Defendants. Assuming the truth of the factual allegations contained in the First Amended Complaint, Plaintiffs are not plausibly entitled to relief for breach of an implied warranty to use reasonable skill and perform work in a workmanlike manner from the D'Angelico Builder Defendants. The motion to dismiss Count II will be granted.[2]

### C. Plaintiffs fail to state a claim for fraud against the D'Angelico Builder Defendants.[3]

In Count X, Plaintiffs allege fraud against the D'Angelico Sellers and the D'Angelico Builder Defendants. "A successful fraud claim must prove a misrepresentation of fact, known by the maker to be untrue, made with the intent to deceive and to induce the other party to act upon it, and upon which the other party relies to his detriment." *Golden Cone Concepts, Inc. v. Villa Linda*

---

[2] Due to the disposition of this claim, it is unnecessary to address the D'Angelico Builder Defendants' argument that Count II is redundant of Count VII (Plaintiffs' claim for negligence against the D'Angelico Builder Defendants) and should be stricken under Fed. R. Civ. P 12(f).

[3] In their response brief, Plaintiffs voluntarily consented to dismissal of this claim without prejudice. (Doc. 65.) However, in their reply brief, the D'Angelico Builder Defendants contend that the claim should be dismissed with prejudice. (Doc. 70.) Accordingly, the parties arguments with respect to Count X are addressed herein.

*Mall, Ltd.*, 113 N.M. 9, 14, 820 P.2d 1323, 1328 (1991).  A failure to disclose information can constitute fraud, if the relationship of the parties triggers a duty to disclose.  *Meiboom v. Carmody*, 134 N.M. 699, 702, 82 P.3d 66, 69 (Ct. App. 2003); (*citing Golden Cone Concepts*, 113 N.M. at 12-13, 820 P.2d at 1326-27 (holding that lessor's failure to disclose important information about low customer traffic to lessee constituted fraud sufficient to justify rescission of lease).

The First Amended Complaint contains no allegation that the D'Angelico Builder Defendants made any representation whatsoever to Plaintiffs.  Nor does the First Amended Complaint contain any allegation indicating the existence of a relationship between Plaintiffs and the D'Angelico Builder Defendants that would trigger a duty to disclose information about the house.  Assuming the truth of Plaintiffs' allegations, it is not plausible that Plaintiffs are entitled to relief for fraud against the D'Angelico Builder Defendants.  Therefore, the motion to dismiss Count X with prejudice as to the D'Angelico Builder Defendants will be granted.

**THEREFORE,**

**IT IS ORDERED** that Defendants D'Angelico Builders, Pasco D'Angelico, and Joseph D'Angelico's Motion to Dismiss (Doc. 56), filed on October 20, 2009, is granted.

**IT IS FURTHER ORDERED** that Count I and Count II are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Count X is dismissed with prejudice as to Defendants D'Angelico Builders, Pasco D'Angelico, and Joseph D'Angelico.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**