IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT COWAN and
STACY MANHEIT,

        Plaintiffs,

  vs.                                          CIVIL NO. 09-483 JH/LFG

FRANK D'ANGELICO, NANCILEE
D'ANGELICO, PASCO D'ANGELICO,
D'ANGELICO BUILDERS, LLC, and
JOSEPH D'ANGELICO,

        Defendants.

## **ORDER TO SHOW CAUSE**

THIS MATTER is before the Court on Plaintiffs' Motion for Order to Show Cause Why Patrick Esquibel Should Not be Held in Contempt [Doc. 175]. Plaintiffs represent that a subpoena duces tecum was served on Patrick Esquibel. The subpoena required him to appear for a deposition and to produce certain documentation. He did neither.

Moreover, it is alleged that Mr. Esquibel did not object to the subpoena or document request; he did not seek an extension of time within which to comply; nor did he seek the Court's protective order to prevent either the deposition from being taken or the documents from being produced. He simply failed to comply.

The failure to obey a valid subpoena without an adequate excuse is a contempt of the court issuing the subpoena. Blackmer v. United States, 284 U.S. 421, 52 S. Ct. 252 (1932); Dynegy Midstream Services v. Trammochem, 451 F.3d 89 (2d Cir. 2006). If a person or entity believes the subpoena is invalid, the appropriate response is a motion to quash or motion for protective order. Fed. R. Civ. P. 26(c).

Mr. Esquibel is directed to show cause, if any he has, why he should not be held in contempt of court for failing to comply with the subpoena. A response and supporting affidavit shall be filed no later than August 2, 2010. Should Mr. Esquibel be held in contempt, the Court may sanction him by oral reprimand, fine or impose a term of incarceration. Failure to respond to the Court's Order to Show Cause may result in the issuance of an arrest warrant.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge