## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ROBERT COWAN and
STACY MONHEIT,

       Plaintiffs,

v.                                   No. CIV 09-0483 RB/LFG

FRANK & NANCILEE D'ANGELICO,
PASCO D'ANGELICO, D'ANGELICO
BUILDERS, JOSEPH D'ANGELICO,
BOB BURBIC, SANTA FE REALTY
PARTNERS, STEVE PATTELENA,
PROFESSIONAL INSPECTIONS AND
EVALUATIONS, INC., LAURA
LICHTENSTEIN, AND BARKER REALTY, INC.,

       Defendants.

### MEMORANDUM OPINION AND ORDER

This matter came before the Court on Plaintiffs' Motion to Exclude Testimony of Defendants' Experts (Doc. 168), filed on May 27, 2010.  Jurisdiction arises under 28 U.S.C. § 1332. Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, I grant this motion in part, as further described herein.

I.      **Background.**

Plaintiffs are residents of New Jersey, who hoped to retire in New Mexico. In November 2007, Plaintiffs purchased a house and lot, located in Lamy, New Mexico, from former Defendants Frank and Nancilee D'Angelico for $485,000.  The D'Angelico Builder Defendants (hereinafter Defendants) constructed the house.  The only remaining claim consists of Plaintiffs' negligence claim against Defendants.

Plaintiffs move to exclude the opinion testimony of Christopher Alba,[1] Defendants' expert witness, on engineering matters pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).  Plaintiffs' motion is also directed at the opinion testimony of John Wolf, an expert designated by the D'Angelico Sellers.  In that Plaintiffs' claims against the D'Angelico Sellers have been dismissed by stipulation, the portion of the motion directed at the opinion testimony of Mr. Wolf is moot.  Thus, the only issue analyzed herein is the admissibility of the expert testimony of Mr. Alba.

**II.      Standard.**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702.  The party proffering the expert testimony bears the burden of proving by a preponderance of the evidence that the expert's testimony is admissible pursuant to Rule 702.  *See, e.g.*, *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 (10th Cir. 2001) (citations omitted).

Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

As interpreted by the Supreme Court, Rule 702 requires that an expert's testimony be both reliable, in that the witness is qualified to testify regarding the subject, and relevant, in that it will

---

[1] The Court had significant personal interaction with Christopher Alba more than twenty-five years ago. We were neighbors in Clovis, New Mexico, socialized together, and attended the same church. We have not had significant contact since Mr. Alba left Clovis. While the Court does not believe that this relationship would affect its impartiality, counsel should be prepared to discuss any concerns at the initial pretrial conference on October 7, 2010.

assist the trier in determining a fact in issue. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-92 (1993). To assist in the assessment of reliability, the Court in *Daubert* identified four nonexclusive factors that a trial court may consider: (1) whether the theory at issue can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) whether there is a known or potential rate of error and whether there are standards controlling the methodology's operation; and (4) whether the theory has been accepted in the relevant scientific community. *Daubert*, 509 U.S. at 593-94.

The Court has emphasized that this list is neither definitive nor exhaustive and that the district court has wide discretion, both in deciding how to assess an expert's reliability and in making a determination of that reliability. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141-42 (1999). Accordingly, a trial court's focus generally should not be upon the precise conclusions reached by the expert, but on the methodology employed in reaching those conclusions. *Daubert*, 509 U.S. at 595.

The party proffering the expert opinion must demonstrate both that the expert has employed a method that is scientifically sound and that the opinion is "based on facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation." *Goebel v. Denver and Rio Grande W. R.R. Co.*, 346 F.3d 987, 991 (10th Cir. 2003) (*quoting Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995)).

The trial court has discretion court to determine how to perform its gatekeeping function under *Daubert*. *See Goebel*, 215 F.3d at 1087. While the most common method for fulfilling this function is a *Daubert* hearing, such a process is not required. *Id*. In this case, the parties have not requested a hearing on this motion. Based on review of the record, the Court has determined that the record is sufficient to render a decision without a hearing.

3

**III.    Discussion.**

Plaintiffs contend that Mr. Alba's background does not qualify him to give opinion testimony on soil characteristics, soil classifications, structural engineering, and geotechnical engineering. Plaintiffs seek to prohibit Mr. Alba from testifying on these topics, as well as on causation. Plaintiffs do not dispute Mr. Alba's expertise as an architect and contractor, nor do they dispute that Mr. Alba may give expert testimony as to the execution and costs of the engineered solutions proposed by Plaintiffs' geotechnical engineer.

In their response, Defendants clarify that they do not proffer exert testimony from Mr. Alba on the topics of geotechnical engineering or soil classification.  Instead, Defendants proffer Mr. Alba's expert testimony as to (1) the execution and cost of the solutions proposed by Plaintiffs' expert, and (2) the possible causes of the problems with the foundation, other than those identified by Plaintiffs' expert.

In their reply, Plaintiffs do not dispute that Mr. Alba qualifies as an expert contractor and architect.  Additionally, Plaintiffs do not quibble with the reliability of Mr. Alba's expert testimony as it pertains to the costs of construction with regard to remedial steps suggested by Plaintiffs' expert.  Plaintiffs object to Mr. Alba testifying as an expert on the cause of the problems with the foundation because such testimony would require expertise in soil characteristics, soil classifications and engineering.

Mr. Alba is a registered architect and licenced contractor. (Def. Ex. B, Deposition of Christopher Alba at 14).  Mr. Alba's resume demonstrates that he is qualified to testify as an expert on the execution and cost of the solutions proposed by Plaintiffs' expert.  (Def. Ex. C, Qualifications of Christopher Alba).  Mr. Alba would also be qualified to testify as an expert witness on such topics as standard practices in the building industry and whether the house was built in conformity with

standard practices.

Defendants concede that Mr. Alba is not an expert in the fields of soil characteristics, soil behaviors, soil classifications, or geotechnical engineering and they do not intend to elicit expert testimony from Mr. Alba on these topics. In that Plaintiffs' motion is undisputed on this point, it will be granted. Mr. Alba may not testify as an expert on soil characteristics, soil behaviors, soil classifications, or geotechnical engineering.

The contentious point concerns Mr. Alba's opinion as to the possible causes of the problems with the foundation. Defendants maintain that Mr. Alba's status as an architect qualifies him as an expert in the field of engineering because New Mexico law allows architects to perform some engineering functions. This argument misses the mark. The fact New Mexico law allows architects to perform some engineering work is not helpful to Defendants. The crucial question is whether the methodology Mr. Alba employed to reach his conclusions as to possible causes of the problems with the foundation is reliable.

Even assuming *arguendo* that Mr. Alba is qualified to render an expert opinion regarding the possible causes of the problems with the foundation, his report and deposition testimony contain only conclusory statements and speculation as to causation. (Pl. Ex. A, Alba Dep. at 64-66; Pl. Ex. 13, Report of Christopher Alba at 1; 9-10 (Doc. 169-15)). Additionally, Mr. Alba identified no methodology that would tie his suggested possible causes to the problems with the foundation. *See Magdaleno v. Burlington N. R. Co.*, 5 F.Supp.2d 899, 904 (D. Colo. 1998) (excluding expert causation testimony as conclusory and unsupported). In that Mr. Alba did not utilize scientific methodology in reaching his opinions as to the possible causes of the problems with the foundation, Defendants have not shown that such opinions are reliable for purposes of *Daubert*.

In the absence of any scientific method, Mr. Alba's opinion as to causation is ***ipse dixit*** and

therefore inadmissible. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("Nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence connected to existing data only by the ipse dixit of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered."). Mr. Alba's opinions as to the possible causes of the problems with the foundation are not sufficiently reliable to permit him to testify at trial on this topic. For this reason, Plaintiffs' motion is granted on this point.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion to Exclude Testimony of Defendants' Experts (Doc. 168), is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that this Motion, insofar as it pertains to the opinion testimony of John Wolf, is **MOOT.**

**IT IS FURTHER ORDERED** that Christopher Alba may testify as an expert witness at trial, *inter alia*, on the execution and cost of the solutions proposed by Plaintiffs' expert.

**IT IS FURTHER ORDERED** that Christopher Alba is prohibited from testifying as an expert witness at trial on (1) soil characteristics, soil behaviors, soil classifications, and geotechnical engineering; and (2) the possible causes of the problems with the foundation.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**